IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JACK LINDSEY JORDAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0252 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS IN PART, AND DENY IN PART,
PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JACK LINDSEY JORDAN challenging petitioner's convictions for the offenses of aggravated kidnaping and aggravated robbery, and the resultant life sentences. For the reasons set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application should be DISMISSED IN PART, and DENIED IN PART.

I.
PROCEDURAL HISTORY

On January 24, 2007, petitioner was indicted in the 181st Judicial District Court of Randall County, Texas for the offenses of aggravated kidnaping and aggravated robbery, with a prior felony alleged for enhancement of punishment. *State v. Jordan*, No. 18,671-B. The indictment also contained a deadly weapon notice paragraph alleging petitioner did use or exhibit a deadly weapon,

namely, a firearm, during the commission of the offenses.  On February 7, 2007, a jury found petitioner guilty as charged and, on February 8, 2007, assessed his punishment at life imprisonment and a $10,000 fine on each count.

Petitioner filed a direct appeal challenging his conviction and sentence.  On May 7, 2008, the Court of Appeals for the Seventh District of Texas affirmed petitioner's conviction in an unpublished opinion.  *Jordan v. State*, No. 07-07-0045-CR.  On August 20, 2008, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review.  *Jordan v. State*, PD-0785-08.  Petitioner did not seek further direct review of his conviction and sentence by filing a petition for certiorari with the United States Supreme Court.

On March 18, 2009, petitioner filed a state application for a writ of habeas corpus challenging his convictions and sentences.  On May 20, 2009, the Texas Court of Criminal Appeals denied petitioner's state habeas application without  written order.  *In re Jordan*, App. No. 71,929-01.

Petitioner then filed a federal habeas application.  Respondent has filed an answer arguing petitioner's claims are unexhausted and procedurally barred, or lack merit.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because he was denied effective assistance of counsel during trial.  Specifically, petitioner contends his trial attorney was deficient because he:

1.      filed a defective motion to transfer venue;

2.      called a witness to testify at trial knowing the witness's testimony would be harmful to petitioner;

3.      failed to introduce a tape recorded statement from the victim wherein the

victim stated he did not want petitioner to receive a long sentence and believed petitioner was a good person; and

4.      failed to withdraw as counsel upon discovering he had a conflict of interest with petitioner.

## III.
## FAILURE TO EXHAUST AND PROCEDURAL DEFAULT

In his November 9, 2010 answer, respondent adequately sets out the exhaustion requirement for federal habeas relief under 28 U.S.C. § 2254(b)(1)(A), and the means by which to accomplish exhaustion. Respondent then argues petitioner has not exhausted his state court remedies with regard to claims 2-4 and, as a result, such claims are procedurally barred. Respondent contends petitioner's grounds 2-4 are not exhausted because they were never presented to the Texas Court of Criminal Appeals during direct appeal or the state habeas proceedings. Petitioner has not filed a reply to respondent's arguments.

Respondent is correct. Review of the state court records reveals petitioner has not presented grounds 2-4 to the Texas Court of Criminal Appeals for review. Petitioner has failed to exhaust grounds 2-4 and such grounds are now procedurally defaulted. Grounds 2, 3 and 4 of petitioner's habeas application should be DISMISSED.

## IV.
## MERITS

In his answer, respondent also fully and accurately sets out, at pages 3-5, the appropriate standard under the AEDPA for reviewing state court adjudications on the merits, and the appropriate burden of proof on petitioner. Respondent also fully and accurately sets out, at pages 6-8, the well-established standard for considering claims of ineffective assistance of counsel. Respondent then argues petitioner's only remaining ineffective assistance of counsel claim, *i.e.*, that

trial counsel was ineffective because he filed a motion for change of venue without attaching two supporting affidavits as required by law, is without merit and must fail because petitioner cannot show counsel's actions were unreasonable or prejudicial.

This Court has reviewed petitioner's state habeas records, including the affidavit submitted by trial counsel during that proceeding.  In his affidavit, trial counsel, Mr. Rus Bailey, stated he and his staff spoke to more than fifty people in an attempt to find two (2) people willing to aver petitioner could not get a fair and impartial trial in Randall County, as required for a change of venue.  Counsel stated not only could he not find any individuals who would provide an affidavit with the necessary information to support a motion for a change of venue, but that he also informed petitioner of this very fact and discussed the "realities of the request to transfer venue."  Counsel averred he filed the motion only after petitioner "demanded" he attempt to move the trial anyway.  Counsel honored petitioner's request by filing the motion without the necessary affidavits, and attempted to at least move the trial to Potter County since part of the events happened in that county.

Petitioner has not demonstrated it was, in fact, possible for counsel to obtain the needed affidavits for a motion to transfer venue, nor has he shown that counsel's efforts in contacting over fifty (50) people in an attempt to obtain the required affidavits was not reasonable, or that counsel's attempt to move the trial from Randall County to Potter County was not a matter of sound trial strategy.  Consequently, petitioner fails to show trial counsel's actions in attempting to obtain a change of venue were deficient.

Respondent also argues petitioner was not prejudiced by trial counsel's inability to obtain a change of venue, noting voir dire transcripts reflect the potential jurors were thoroughly questioned about their personal knowledge of the case and the media coverage, that only five (5) of the jurors

selected had any knowledge of the case, and that none of those jurors indicated they were improperly influenced or unable to be fair and impartial.  Petitioner has not demonstrated he was prejudiced by trial counsel's actions with regard to any attempt to obtain a change of venue of the trial.

Moreover, the Texas Court of Criminal Appeals considered petitioner's claim that trial counsel was ineffective for filing a defective motion to transfer venue and denied such claim on the merits.  Petitioner has failed to meet his burden of proving the state court's decision denying ground 1 on the merits was contrary to federal law or based on an unreasonable determination of the facts, the burden of proof mandated by the AEDPA.  Petitioner's first ground should be DENIED.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JACK LINDSEY JORDAN be DISMISSED IN PART, AND DENIED IN PART.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of October 2012.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).